QUESTION: Has the revised Administrative Procedure Act, Ch. 120, F.S., as amended, replaced the rulemaking procedures required of the Department of Environmental Regulation by s. 403.051, F.S. (1974 Supp.), and thereby repealed the requirements for: 30 days' notice, by newspaper publication, and rule adoption based solely on the preponderance of competent substantial evidence?
SUMMARY: The revised Administrative Procedure Act, Ch. 120, F.S. (1974 Supp.), as amended, has replaced and superseded s. 403.051, F.S., as amended, and in effect repealed the rulemaking procedural requirements for 30-day notice by newspaper publication and rule adoption based solely on the preponderance of competent substantial evidence presented at public hearing. Your question is answered in the affirmative. The First District Court of Appeal in Alford v. Duval County School Board, Case No. Y-122 (1 D.C.A. Fla., 1975), set forth a guideline to determine whether the revised Administrative Procedure Act, Ch. 120, F.S. (1974 Supp.), supersedes other statutory provisions of administrative procedures. The court said: Whether or not the new A.P.A. repealed other statutes must be determined by rules of statutory construction and the expressed legislative intent contained in the new A.P.A. In this connection, the Supreme Court in American Bakeries Co. v. Haines City, 131 Fla. 790, 180 So.2d 524, stated as follows: "While statutes may be impliedly as well as expressly repealed, yet the enactment of a statute does not operate to repeal by implication prior statutes, unless such is clearly the legislative intent. "An intent to repeal prior statutes or portions thereof may be made apparent, when there is a positive and irreconcilable repugnancy between the provisions of a later enactment and those of prior existing statutes. But the mere fact that a later statute relates to matters covered in whole or in part by a prior statute does not cause a repeal of the older statute." The legislative intent in question is expressed in s.120.72(1), F.S. (1974 Supp.), of the revised Administrative Procedure Act: The intent of the legislature in enacting this complete revision of chapter 120, Florida Statutes, is to make uniform the rulemaking and adjudicative procedures used by the administrative agencies of this state. To that end, it is the express intent of the legislature that the provisions of this act shall replace all other provisions in the Florida Statutes, 1973, relating to rulemaking, agency orders, administrative adjudication, or judicial review, except for marketing orders adopted pursuant to chapters 573 and 601. (Emphasis supplied.) The court in Alford, supra, . . . consider[ed] it significant that the legislature in the above quoted statement of intent only provided that the new A.P.A. "shall replace all other provisions of the Florida Statutes, 1973, relating to rulemaking, agency orders, administrative adjudication or judicial review." (Emphasis supplied.) The only reference to intent of the new A.P.A. is the above quoted s. 120.72(1) and it is noted that such statement relates only to its replacement of general laws (Florida Statutes 1973). (Double emphasis supplied by this author.) In addition to the above finding by the court, the Division of Statutory Revision of the Joint Legislative Management Committee specifically addressed the subject at issue in its preparation of a reviser's bill for the 1975 legislative session as mandated by s. 3(1) of Ch. 74-310, Laws of Florida. This mandate directs the division "to prepare a reviser's bill to conform the Florida Statutes to [the legislative] intent" of the revised Administrative Procedure Act. The s. 403.051 requirements for 30-day notice, newspaper publication, and rule adoption based solely on the preponderance of competent substantial evidence presented at public hearing are deleted in the reviser's bill submitted to the 1975 Legislature. Based upon the above intent clearly expressed by the Legislature and the recent case law, and the aforementioned statutory revision deleting the requirements in question from s. 403.051, F.S. (1974 Supp.), it is my opinion that all rulemaking procedures provided in Ch. 403, F.S., as amended, have been replaced and superseded by Ch. 120, F.S. (1974 Supp.), as amended by Ch. 75-191, Laws of Florida, effective June 25, 1975. In the absence of an express reenactment by the Environmental Reorganization Act, Ch. 75-22, Laws of Florida, of the procedures required by s. 403.051, F.S., as amended in s. 403.051, F.S. (1974 Supp.), it is presumed that the Legislature has left standing its 1974 expression which repealed those provisions.